**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**

| | |
|---|---|
| DAVID DAVYDOV**,** on behalf of himself and all all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>CAMBRIA DENTISTRY PLLC, SMILE CRAFTERS, INC., KOOROSH SHAMTOUB, and SHAHRIAR "SHAWN" DAVARAN,<br><br>Defendants. | Case No.: 1:26-cv-03039<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR <u>JURY TRIAL</u>** |

Plaintiff, David Davydov on behalf of himself and all all others similarly situated (hereinafter "Plaintiff"), by and through his attorneys, Sage Legal LLC, upon personal knowledge as to himself and upon information and belief as to other matters, respectfully brings this Complaint against Defendants Cambria Dentistry PLLC (hereinafter "Cambria"), Smile Crafters, Inc. (hereinafter "Smile Crafters") (Cambria and Smile Crafters collectively hereinafter the "Corporate Defendants" or the "Practice"), Koorosh Shamtoub ("Shamtoub"), and Shahriar "Shawn" Davaran ("Davaran") (Shamtoub and Davaran collectively hereinafter the "Individual Defendants") (the Corporate Defendants and the Individual Defendants collectively hereinafter the "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this case against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law §§ 190 *et seq.* ("NYLL").

2. Upon information and belief, Defendants failed to pay Plaintiff wages required under federal and state law.

3. Plaintiff seeks to recover unpaid wages, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs, and any other remedy available at law or inequity.

## PARTIES

4. Plaintiff is a citizen of the State of New York residing in Queens County.

5. Plaintiff worked for Defendants from approximately August 2020 through June 2025.

6. Cambria is a business entity formed under the laws of the State of New York with a primary office located at 219-11 Linden Blvd, Cambria Heights, NY 11411.

7. Smile Crafters is likewise a business entity formed under the laws of the State of New York with a primary office located at 21911 Linden Blvd, Cambria Heights NY.

8. Shamtoub is an adult individual residing within the State of New York, and is an individual who exercised supervisory authority and managerial control over Plaintiff.

9. Davaran is an adult individual residing within the State of New York, and is an individual who exercised supervisory authority and managerial control over Plaintiff.

10. Shamtoub and Davaran each had and exercised the power to: (i) hire; (ii) fire; (iii) set schedules; (iv) set compensation; (v) set terms and conditions of employment; and (vi) maintain employment records for Plaintiff and all other similarly situated employees of the Defendants.

11. At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of New York.

12. The Individual Defendants are persons exercising sufficient managerial and operational control over the business of the Corporate Defendants such that they may be held individually liable under both the FLSA and the NYLL.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 in that the FLSA presents a federal question.

14. This Court has personal jurisdiction over Defendants, because Defendants conduct substantial business operations in the State of New York.

15. Further, this Court may exercise personal jurisdiction over Defendants because the personnel decisions giving rise to the wrongful employment actions that are the subject of this suit were made by the Defendants in the State of New York within the County of Queens.

16. The Court also has supplemental jurisdiction over Plaintiff's related claims arising under State law pursuant to 28 U.S.C. § 1367 as the state law claims fall under the same common nucleus of operative facts undergirding the federal claims; namely, the hours worked by and wages paid to Plaintiff and other similarly situated employees.

17. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, i.e., Plaintiff performed the work for Defendants in Queens County, New York.

18. At all times material hereto, Plaintiff performed non-exempt duties for the benefit of Defendants in the State of New York.

19. At all times material hereto, Defendants were employers within the meaning of the FLSA, in that they had employees engaged in commerce or in working with goods or materials that had been moved in or produced for commerce; Defendants' annual gross volume of sales made or business done exceeded $500,000.00; and Defendants regularly purchased and used dental supplies, equipment, and materials that traveled in interstate commerce and utilized interstate communication systems. See 29 U.S.C. § 203(s)(1)(A).

**FACTUAL ALLEGATIONS**

20. Plaintiff was employed by the Defendants from August 2020 through June 2025, a period spanning approximately two hundred fifty-four (254) weeks, first as a Dental Hygienist and then, upon promotion, as Treatment Coordinator.

21. Plaintiff's responsibilities included, but were not limited to, reviewing patient's dental and health history, conducting dental cleanings, taking dental x-rays, and documentation of treatment.

22. Plaintiff was regularly paid $45.00 per hour, plus commissions, on a bi-weekly basis and usually rendered overtime work for the benefit of the Defendants and their patients.

23. During this time, Plaintiff consistently fulfilled his job responsibilities and performed services in accordance with the terms of his employment.

24. In spite of same, Defendants did not properly compensate Plaintiff for all hours worked, including for all overtime hours he worked for every workweek.

25. In May 2025, Plaintiff had an in-person conversation with Defendants where he informed them that he planned to open his own dental practice and would therefore transition to working part-time at Defendants' office.

26. Defendants agreed that they would like Plaintiff to continue working part time until his new job opened up.

27. During this conversation, Plaintiff also offered to assist with training a replacement to ensure a smooth handover and to avoid disrupting the practice.

28. Also, during this conversation, Plaintiff reminded Defendants of his unpaid commissions in the amount of $1,911.76.

29. After communicating Plaintiff's plans to the Defendants, there had been no indication of any issue with Plaintiff's performance or employment status.

30. On June 15, 2025**,** Plaintiff, however, received a sudden phone call from the Defendants stating that he was terminated effective immediately and should no longer come into work.

31. This call was made without any prior warning, formal notice, or explanation.

32. Since being terminated, Plaintiff has not received any written termination notice or formal explanation regarding the dismissal.

33. More importantly, Plaintiff never received his final commission payment as requested in May 2025, nor did he receive any commission payment for those earned in June 2025 nor did Plaintiff receive his final hourly pay for work performed in June 2025.

34. Without the benefit of his time records, Plaintiff recalls that he worked at least one (1) overtime hour per week.

35. However, Plaintiff was never paid any overtime premium for working in excess of forty (40) hours per week.

36. Furthermore, as discussed *supra*, Plaintiff never received his final paycheck totaling $4,089.31, consisting of $2,177.55 in hourly pay and $1,911.76 in commissions.

37. When Plaintiff demanded from Defendants his unpaid wages and commissions, Defendants made excuses and promised to pay, but never did.

38. At all times relevant, Defendants had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties for more than forty (40) hours per week.

39. At all times relevant, Defendants had actual or constructive knowledge that they were obligated under the FLSA to track and record Plaintiff's compensable hours accurately and with precision.

40. At all times relevant, Defendants had actual knowledge that they were obligated to pay Plaintiff all wages due and owing for all hours Plaintiff worked each week and to pay Plaintiff overtime compensation at the time one-and-one-half (1.5) rate for overtime Plaintiff worked in excess of forty (40) hours each week.

41. Plaintiff was then relieved from his employment with Defendants after more than two hundred fifty-four (254) weeks of not receiving proper compensation for his overtime hours worked, and after having his complaints concerning same fall on deaf ears.

42. At all times during his employment for Defendants, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding his work performance.

43. Upon information and belief, Defendants at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA.

44. As a result of Defendants' violation and failure to pay proper wages and overtime compensation, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that he should have received for his regular hours and overtime hours in compliance with the FLSA.

45. Furthermore, Defendants' willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate his hours work and determine if he was being paid time-and-a-half in accordance with the FLSA.

46. As a result of these violations, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

47. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FLSA COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff brings this action individually and as representative on behalf of all their current and former non-exempt employees who have been or were employed by Defendants within the statutory period of three (3) years (the "Collective Action Period"), and who were compensated at rates less than the statutory rate of time and one-half, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

49. The collective action class is so numerous that joinder of all members is impracticable.

50. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

51. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA. See 29 U.S.C. § 216(b).

52. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.

53. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

54. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

55. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

56. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

57. There will be no difficulty in the management of this action as a collective action.

58. Questions of law and fact common to the members of the collection action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.

59. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b. Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

d. Whether the Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek in violation of the FLSA and the regulations promulgated thereunder;

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to, compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorney's fees.

60. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

61. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

**CLASS ACTION ALLEGATIONS**

62. Plaintiff brings this action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") on behalf of himself and all other current or former persons employed by Defendants in New York within the last six (6) years, hereinafter the "Class" defined as:

> *All current and former hourly production employees of Defendants in New York who worked at least one workweek during the six (6) years preceding the filing of this Complaint to its final resolution who were paid for 40 or more hours of work in any workweek and performed shift relief.*

63. The Class is so numerous that joinder of all class members is impracticable.

64. Plaintiff is unable to state the exact size of the potential Class but, upon information and belief, avers that it consists of at least forty (40) people.

65. There are questions of law or fact common to the Class including whether Defendants failed to pay its employees for all earned overtime under the NYLL.

66. Plaintiff will adequately protect the interests of the Class.

67. Plaintiff's interests are not antagonistic to but, rather, are in unison with the interests of the Class members.

68. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Class in this case.

69. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members.

70. The primary questions that will determine Defendants' liability to the Class are common to the class and predominate over any questions affecting only individual class members.

71. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

72. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.

73. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

74. Certification of this case pursuant to Rule 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA: RETALIATION
### (on behalf of the Plaintiff)

75. Plaintiff, on behalf of himself and the FLSA Collective Members, re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

76. Plaintiff, in all respects, was performing his job in a manner that was consistent with Defendants' legitimate business expectations.

77. After weeks of enduring difficult working conditions, Plaintiff complained to Defendants the fact that he was not being compensated.

78. Notwithstanding Plaintiff's complaint(s), Defendants terminated his employment.

79. Plaintiff demanded to be paid for the regular hours worked but said claim was outrightly denied by the Defendants and in turn, Defendants informed Plaintiff that he had been terminated.

80. Plaintiff suffered an adverse employment action when he was terminated.

81. Defendants' conduct constitutes retaliation in violation of the FLSA. See 29 U.S.C. § 215.

82. As a direct and proximate result of Defendants' wrongful acts and omissions in disregard of Plaintiff's rights, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages and lost wages.

83. Similarly, Plaintiff is entitled to attorneys' fees and costs, and other damages as recoverable by law.

**COUNT II**
**VIOLATION OF THE FLSA: FAILURE TO PAY OVERTIME**
**(on behalf of the Plaintiff and the FLSA Collective Members)**

84. Plaintiff, on behalf of himself and the FLSA Collective Members, re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

85. Defendants knowingly and willfully failed to pay Plaintiff and the FLSA Collective Members overtime compensation at one and one-half times the regular rate for hours worked over forty.

86. In addition, Defendants failed to include commissions in Plaintiff's regular rate of pay when calculating overtime compensation, resulting in underpayment of overtime wages in violation of 29 U.S.C. § 207.

87. Accordingly, Defendants are liable to the Plaintiff and the FLSA Collective Members for associated damages pursuant to 29 U.S.C. § 207.

88. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and the FLSA Collective Members have suffered damages and have incurred costs as well as reasonable attorneys' fees.

89. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

90. Because Defendants' violations of the FLSA were not the product of objective good faith or otherwise objectively excusable, Plaintiff and the FLSA Collective Members are entitled to liquidated damages.

91. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Members have been deprived of their wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and interest (pre-judgment and post-judgment).

**COUNT III**
**VIOLATION OF THE NYLL: RETALIATION**
**(on behalf of the Plaintiff)**

92. Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

93. NYLL § 215 prohibits employers, including the Defendants, from retaliating against employees for complaining about violations of the NYLL.

94. Plaintiff engaged in protected activity by complaining about Defendants' unlawful practices of not paying the wages and overtime compensation due to their employees.

95. Defendants took adverse employment action against Plaintiff by terminating his employment.

96. Defendants' actions were causally related to Plaintiff's protected activity.

97. As a result, Plaintiff suffered damages, including but not limited to lost wages and benefits, emotional distress and reputational harm.

98. Plaintiff is entitled to all remedies available under NYLL § 215, including reinstatement, front pay and/or back pay, liquidated damages, civil penalties, and attorneys' fees and costs.

**COUNT IV**
**VIOLATION OF THE NYLL: FAILURE TO PAY OVERTIME**
**(on behalf of the Plaintiff and the Class)**

99. Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

100. During the full statutory period, Plaintiff and the Class were employees within the meaning of the NYLL and were entitled to the protections thereof.

101. The NYLL requires covered employers, like Defendant, to compensate employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek and at a rate not less than one and one-half times the applicable State minimum wage for all hours worked in excess of 40 hours in a workweek.

102. Plaintiff and the Class were not exempt from the requirement that Defendants pay them overtime under the NYLL, and they are entitled to be paid overtime by Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

103. Throughout the full statute of limitations period, Defendants had engaged in a policy and practice of failing to compensate Plaintiff and the Class at a rate not less than one and one-half times their regular rate of pay for time spent performing off-the-clock work in excess of 40 hours in a workweek.

104. As a result of Defendants' failure to compensate Plaintiff and the Class at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants had violated the NYLL and/or applicable regulations thereunder.

105. Defendants had acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

106. Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**COUNT V**
**VIOLATION OF THE NYLL: FAILURE TO PAY ALL WAGES OWED**
**(on behalf of the Plaintiff and the Class)**

107. Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

108. During the full statutory period, Plaintiff and the Class were employees within the meaning of the NYLL and were entitled to the protections thereof.

109. The NYLL requires covered employers, including Defendant, to compensate Plaintiff and the Class at their established regular rates of pay for all hours worked in a workweek.

110. Plaintiff and the Class were not exempt from the requirement and are entitled to be paid by Defendants at their established regular rates of pay for all hours worked in a workweek, during the full statute of limitations period.

111. Throughout the full statute of limitations period, Defendants had engaged in a common policy and practice of failing to pay Plaintiff and the Class at their established regular rates of pay for all hours worked.

112. Moreover, Defendants failed to pay Plaintiff and the Class earned commissions, which constitute wages under NYLL § 190(1), in further violation of the NYLL.

113. As a result of Defendants' failure to compensate Plaintiff and the Class at their established regular rates of pay (or one and one-half times their established regular rates) for all hours worked, Defendants had violated the NYLL and/or applicable regulations thereunder.

114. Defendants had acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

115. Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, inter alia, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**COUNT VI**
**VIOLATION OF THE NYLL: NOTICES OF PAY RATE**
**(on behalf of the Plaintiff and the Class)**

116. Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

117. During the full statutory period, Plaintiff and the Class were employees within the meaning of the NYLL and were entitled to the protections thereof.

118. The NYLL requires covered employers, including Defendant, to provide employees, "at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; […]; prevailing wage supplements, if any, claimed as part of any prevailing wage or similar requirement pursuant to article eight of this chapter; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

119. In other words, employers are required to provide a Notice of Pay Rate.

120. Plaintiff and the Class were not exempt from the requirement that Defendants provide them with Notices of Pay Rate.

121. Throughout the full statute of limitations period, Defendants had engaged in a policy and practice of unlawfully failing to provide Notices of Pay Rate to Plaintiff and the Class.

122. As a result of Defendants' failure to provide Notices of Pay Rate to Plaintiff and the Class, Defendants had violated, *inter alia*, NYLL § 195.

123. Defendants had acted willfully and deliberately in maintaining an intentional practice of failing to provide proper notices to Plaintiff and the Class in accordance with the NYLL.

124. Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $50 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**COUNT VII**
**VIOLATIONS OF THE NYLL: INACCURATE WAGE STATEMENTS**
**(on behalf of Plaintiff and the Class)**

125. Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

126. During the full statutory period, Plaintiff and the Class were employees within the meaning of the NYLL and were entitled to the protections thereof.

127. The NYLL requires covered employers, including Defendant, to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; […]; and net wages." See NYLL § 195(3).

128. Plaintiff and the Class were not exempt from the requirement that Defendants provide them with accurate wage statements.

129. Throughout the full statute of limitations period, Defendants had engaged in a policy and practice of unlawfully failing to furnish accurate wage statements to Plaintiff and the Class.

130. As a result of Defendants' failure to furnish accurate wage statements to Plaintiff and the Class, Defendants had violated, *inter alia*, NYLL § 195.

131. Defendants had acted willfully and deliberately in maintaining an intentional practice of failing to furnish proper wage statements to Plaintiff and the Class in accordance with the NYLL.

132. Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $250.00 for each workday the violation occurred, not to exceed $5,000.00, plus attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective Members, and the Class, respectfully requests that the Court to:

A. Declare that the practices complained of herein are unlawful under applicable federal and State laws;

B. Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all members of the FLSA Collective Members, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D. Designate Plaintiff as the representative of the FLSA Collective Members, and his counsel of record as class counsel;

E. Determine the damages sustained by Plaintiff and the FLSA Collective Members as a result of Defendants' violations of the FLSA and NYLL, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective Members, plus such pre-judgment and post-judgment interest as may be allowed by law;

F. Declare this action to be maintainable as a class action pursuant to FRCP 23, and direct Defendants to provide Plaintiff with a list of all members of the Class, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

G. Designate Plaintiff as the representative of the Class, and his counsel of record as class counsel;

H. Determine the damages sustained by Plaintiff and the Class as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiff and the Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

I. Award Plaintiff, the FLSA Collective, and the Class, an additional equal amount as liquidated damages because Defendants' violations were without a good faith basis;

J. Award Plaintiff, the FLSA Collective, and the Class their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

K. Grant Plaintiff, the FLSA Collective, and the Class such other and further relief that the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York
May 20, 2026

**SAGE LEGAL LLC**

By: *_/s/ Emanuel Kataev, Esq._*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*David Davydov,*
*and all others similarly situated*